**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH WATKINS,** | : | **CIVIL NO. 1:CV-06-1619** |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **ALBERTO GONZALES, ATTORNEY** | : | |
| **GENERAL AND JONATHAN C.** | : | |
| **MINER, WARDEN USP ALLENWOOD,** | : | |
| **Respondents** | : | |

<u>**MEMORANDUM AND ORDER**</u>

Petitioner, Joseph Watkins ("Watkins"), a federal inmate presently confined at the United States Penitentiary at Allenwood (USP-Allenwood), White Deer, Pennsylvania, filed this 28 U.S.C. § 2241 petition seeking to "void portion of sentence, July 3, 2006 thru January 3, 2007 thru February 21, 2008." (Doc. 1, p. 7). The petition is presently ripe for disposition. For the reasons that follow, the petition will be denied.

**I. Procedural History**

Watkins previously filed a petition for writ of habeas corpus in this Court challenging the accuracy of the computation of his sentence and parole term. On December 31, 2003, the petition was denied. (<u>Watkins v. Holt</u>, Civil No. 1:CV-02-1903, Doc. 18). The United States Court of Appeals for the Third Circuit affirmed the decision and certiorari was denied by the United States Supreme Court. (<u>Id</u>. at Docs 33, 35). At the time the present petition was filed, in addition to challenging the nineteen-month period set forth above, Watkins included argument concerning matters previously disposed of by the Court. Accordingly, in the interest of judicial economy, respondents were directed to respond only to the allegation that "[t]he 19 mos. from July 3, 20007 thru February 21, 2008, needs to be deleted from the sentence," and not to address the accuracy of the computation of Watkins' sentence and parole term.

(Doc. 4, citing Doc. 1, pp. 4, 6).  A timely response was filed.  (Doc. 7).  Watkins then filed a reply.

(Doc. 8).

## II.  Background

It was previously determined that Watkins' had a full term expiration date of January 24, 2008.

This term was reduced by 773 days of statutory good time, resulting in a final full expiration date of

December, 12, 2005, and a presumptive parole date of September 29, 2004.  ((Watkins v. Holt, Civil

No. 1:CV-02-1903, Docs. 18, 33, n. 2).

On March 29, 2004, Bureau of Prisons ("BOP") issued a transfer order indicating that Watkins

would be transferred from the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill") to a

community correction center, Bannum Place, Inc., in Washington, D. C., on April 13, 2004.  (Doc. 7,

Ex. 1-E).  Watkins was transferred as scheduled but, shortly after the transfer, he was found in

possession of intoxicants.  On May 2, 2004, he was found guilty of possession of intoxicants in violation

of BOP Code Section 222.  (Doc. 7, Ex. 1, ¶ 11).  He was sanctioned to the loss of certain privileges for

six months and forfeiture of sixty days statutory good time.  (Id.).  His new presumptive release date was

set at February 10, 2006.  (Id.).  Watkins was transferred back to FCI-Schuylkill because of "program

failure" but was given three days credit for time spent at Bannum Place.  (Doc. 7, Ex. 1-G).

The United States Parole Commission ("parole commission") issued a notice of action informing

Watkins that his release date was being retarded pursuant to 28 C.F.R. § 2.86 because on May 2, 2004,

he was found guilty of making, possessing or using intoxicants.  (Doc. 7, Ex. 1-H).  The parole

commission retarded Watkins' parole effective date of September 29, 2004, by thirty days for violating

the rules of the institution.  His new parole effective date was set at October 29, 2004.  (Doc. 1-H).

On September 21, 2004, Watkins was again transferred to Bannum Place.  Less than a month

after his placement, he was cited by staff for Use of Narcotics.  (Doc. 7, Ex. 1-K).  As a result, he was transferred back to FCI-Schuylkill.  He was found to have committed the prohibited act of Use of Drugs, in violation of BOP Code Section 112 and was sanctioned to twelve months loss of visitation privileges and loss of 400 days of statutory good time.  (Doc. 7, Ex. 1, ¶ 15).  "On December 3, 2004, Watkins' sentence computation is re-computed, and it  is discovered that Watkins owed 2,971 days, and not 2,944 as previously determined.  This is due to a mistake in determining his satisfaction date.  Additionally, he is now entitled to 780 days statutory good time, instead of 773.  His new statutory release date was calculated as January 1, 2006, and the new projected release date was calculated at March 30, 2007, *via* mandatory release."  (Doc. 7, Ex. 1, ¶ 18, Ex. 1-L).

Based on the most recent conduct, the parole commission scheduled a rescission hearing.  (Doc. 7, Ex. 1-K).  A notice of action was issued on February 4, 2005, continuing the hearing to the April 2005 docket to determine whether the BOP held an in-person hearing.  (Id. at Ex. 1-N).

On March 21, 2005, Watkins was found guilty of misconduct which resulted in a sanction of sixty days in disciplinary segregation, loss of privileges for one year and the forfeiture of eighteen days statutory good time.  This moved his projected release date to April 17, 2007.  (Doc. 7, Ex. 1, ¶¶ 20-21).

Watkins' parole commission hearing was held on April 13, 2005, at which time his parole was rescinded and he was continued to expiration of his parole term.  (Doc. 7, Ex, 1-N).  Although his expiration full term date is February 20, 2008, with statutory good conduct time, he was projected for release on April 17, 2007.

Watkins has since been found to have committed three more prohibited acts.  In addition to disciplinary sanctions and loss of privileges, each time, Watkins forfeited  statutory good conduct time. (Doc. 7, Ex. 1, ¶¶  22-24, Ex. 1-F).  His current projected release date is November 13, 2007.  (Doc. 7,

Ex. 1, ¶ 25).

## III. Discussion

Watkins misunderstands the meaning of parole eligibility.  He does not assert any procedural deficiency in his hearings or any deficiency in the factual basis for the denial of parole.  See Gambino v. Morris, 134 F.3d 156 (3d Cir. 1998) (citing Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976)). Each of the decisions rendered by the parole commission, have a rational basis and will not be disturbed by this Court.  See Zannino, 531 F.2d 687.  Watkins appears to believe that he is absolutely entitled to parole.  However, to be eligible for parole, is not to be entitled to parole.  See Petri v. Warden, 507 F. Supp. 5, 8 (M.D.Pa. 1980), aff'd, 636 F.2d 1210 (3d Cir. 1980).  The parole commission is free to determine whether Watkins' release on parole is appropriate.  Id.

With regard to the computation of the parole violator term, respondents offer the following:

> The 2,971 days remaining to be served when Watkins was released on parole on April 18, 1995 were added to the date the warrant was executed, January 3, 2000, to arrive at a full term expiration date of February 20, 2008.  Over this period, Watkins is eligible to earn 780 days of statutory good time. Therefore his current release date, taking into account all of the 780 days of good time, is January 1, 2006.  Based on the United States Parole Commission's Notice of Action issued May 4, 2005, Watkins must remain in custody until the expiration of his sentence.  Taking into account the 688 days of statutory good time that was forfeited as a result of the numerous disciplinary sanctions from Watkins' numerous violations of BOP rules, as well as the 7 days of good time credit Watkins earned while at RRC Bannum place, Watkins currently has a projected release date of November 13, 2007.

(Doc. 7, p. 11).  Watkins has pointed to no error in this calculation and the Court can discern none. Accordingly, there is no merit to petitioner's challenge to the computation of his release date.

For the reasons set forth above, the petition for writ of habeas corpus will be denied.

**IV. Order**

      **AND NOW**, this 30th day of November 2006, upon consideration of the petition for writ of

habeas corpus (Doc. 1), and for the reasons set forth above, **IT IS HEREBY ORDERED THAT:**

    1.  The petition for writ of habeas corpus (Doc. 1) is DENIED.

    2.  The Clerk of Court is directed to CLOSE this case.

    3.  A certificate of appealability is DENIED.  <u>See</u> 28 U.S.C. § 2253(c).


                         <u>s/ Yvette Kane</u>
                         Yvette Kane, Chief Judge
                         United States District Court